IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JEFFREY L. COOPER, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:08-CV-30-CDL-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.¹  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

¹ Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.     **Whether the Appeals Council erred by failing to remand the case based on new evidence presented by Claimant, and whether this Court should remand the case.**

II.    **Whether the ALJ erred by finding that Claimant's impairments do not meet or medically equal a Listing.**

**III.     Whether the ALJ erred by discrediting claimant's subjective complaints of pain under the pain standard.**

**IV.     Whether the ALJ erred to fully develop the record by not seeking a physical examination of Claimant in order to support his RFC.**

## Administrative Proceedings

Claimant filed for disability benefits on or about December 18, 2003. (T-82). Claimant's application was denied initially and on reconsideration. (T-74, 68). Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on November 14, 2006. (T-32, 39-65). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated December 22, 2006. (T-14-20). Claimant then requested a review of the ALJ's findings by the Appeals Council wherein the Appeals Council received new evidence, specifically Claimant's treating physician's 2006 opinion, but thereafter denied review, making the ALJ's decision the final decision of the Commissioner. (T-4).

## Statement of Facts and Evidence

Claimant alleges he became unable to work after a November 22, 2003, car accident. (T-46). After examining the medical records, the ALJ determined that Claimant has left hand proximal fractures, a lumbar compression fracture at L1, and a right shoulder capula non-displaced fracture, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed

in 20 CFR Part 404, Subpart P, Appendix 1. (T-16). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform light work with some restrictions. (T-17). Accordingly, the ALJ made a finding of not disabled.

## DISCUSSION

**I.      Whether the Appeals Council erred by failing to remand the case based on new evidence presented by Claimant, and whether this Court should remand the case.**

In Claimant's first enumeration of error, he contends that the Appeals Council should have remanded the case for consideration of evidence submitted post-hearing and after the ALJ rendered his findings. (R-9, pp. 10-13). Claimant's new evidence consists of an evaluation and an opinion regarding claimant's residual functional capacity (RFC) by claimant's treating orthopedist, Dr. Bacastow. *Id.* Claimant argues that this Court should now remand the case for consideration of the new evidence. *Id.*

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council reviewed the new evidence but determined that it would not alter the final decision of the ALJ. (T-4-5).

While new evidence submitted to the Appeals Council is part of the record on appeal, when the Appeals Council has denied review, the court can only look to the evidence actually presented to the ALJ in determining whether his decision is supported by substantial evidence.

*Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). However, the Eleventh Circuit has held that new evidence submitted to the Appeals Council can be considered when evaluating whether a case should be remanded under sentence six of 42 U.S.C. 405(g), provided the claimant establishes that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985).

Claimant contends that the evidence at issue is new and non-cumulative in that it was obtained after the hearing and is the only evidence of an RFC from an evaluative physician; material in that there is a reasonable possibility it would change the result because it represents objective evidence of Claimant's substantially worsened condition compared with Dr. Bacastow's 2004 treatment notes already in the record; and that good causes exists in that "though the doctor's opinion was rendered only slightly more than thirty days after the hearing, the judge issued an opinion two days later and before he had a chance to see Bacastow's opinion. The claimant did not have the funds to continue treatment, however his attorney was able to convince the doctor to provide the lengthy examination and render an opinion without charge." (R-9, pp. 12-13).

The Court finds that this evidence is new in that it was not previously before the ALJ. Non-cumulative evidence consists of objective medical evidence which the ALJ previously found to be wanting. *Hyde v. Bowen*, 823 F.2d, 456, 459 (11th Cir. 1987). It is true that the

6

new evidence is the only evidence of an RFC from an evaluative physician.

Regarding the materiality of the new evidence, it is not apparent that the new evidence would have changed the result in the case. When making his Findings in this case, the ALJ states that he engaged in "careful consideration of all of the evidence." (T-17). The evidence in front of the ALJ at the time of the Findings included state agency medical consultant opinions finding Claimant capable of medium work. The new evidence is consistent with the ALJ's decision to discount the state agency medical consultant opinions, instead limiting Claimant to light work. (T-5).

The Findings also reveal that the ALJ reviewed the notes of Dr. Bascastow from his treatment of Claimant through 2004. Dr. Bascastow did not render another opinion in this case until 2006, when he composed the opinions which Claimant presents as the new evidence at issue. In his written opinion, Dr. Bascastow stated, "I do not feel this patient is capable of working . . . . He doesn't have the education or experience to do anything other than a manual type application," (T-195-96), and submitted a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," (T-197-99). It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards*

*v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). Here, good cause exists for discounting Dr. Bacastow's 2006 opinion. The 2006 opinion is adjudicatively oriented and supported largely by Claimant's subjective statements regarding his condition rather than by objective medical evidence. This Court finds Dr. Bacastow's 2004 treatment notes a more reliable and sufficient basis from which the ALJ could draw his conclusions about Claimant's condition. For all of these reasons, the new evidence from Dr. Bacastow is not reasonably likely to change the outcome of this case.

Most notably, this Court does not find good cause why, if Claimant wanted to establish his deteriorating condition, he did not obtain an examination prior to the hearing or prior to the ALJ issuing his decision, especially since it appears that Claimant's physician was willing to provide a lengthy examination and render an opinion without charge. (R-9, p. 13). As stated above, the claimant bears the burden of establishing disability. A practice of obtaining evidence solely in an effort to discredit an ALJ's decision and obtain a remand, when this evidence could have been obtained and presented to the ALJ to begin with, is not in keeping with the law of this circuit. *See Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986).

Therefore, this Court finds that the newly submitted medical evidence does not warrant remand to the ALJ for reconsideration. Neither the Appeals Council nor the Commissioner erred in not remanding the case for consideration of said medical evidence.

## II.     Whether the ALJ erred by finding that Claimant's impairments do not meet or medically equal a Listing.

Claimant argues that the ALJ erred by failing to find that Claimant's left hand alone or in combination with his right shoulder impairment met or medically equaled Listings 1.02 and 1.07. (R-9, pp. 13-18). As stated above, as part of the sequential analysis, the Commissioner must determine whether the claimant's severe impairment(s) meets or equals a Listing. The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The claimant bears the burden of proving that an impairment meets or equals a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If the claimant contends that he has an impairment that medically equals a Listing, "the claimant must present medical evidence which describes how the impairment has such an equivalency." *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986).

The Eleventh Circuit has held that, "While Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination"; instead, "[t]here may be an implied finding that a

9

claimant does not meet a listing" if the ALJ reaches the final two steps of the sequential analysis. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). Taking into account the severe impairments of left hand proximal fractures, lumbar compression fracture at L1, and right shoulder capula non-displaced fracture, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a Listing. (T-16). The ALJ then continued the sequential analysis.

Claimant first argues that the ALJ should have found that Claimant's hand impairment met or medically equaled Listing 1.07. (R-9, p. 14). Listing 1.07 requires:

> Fracture of the upper extremity with non-union of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function as was not restored or expected to be restored within 12 months of onset.

20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.08. The Listings define the phrase "under continuing surgical management" as:

> [S]urgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part. It may include such factors as post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy.

*Id.* at 1.00M. While the ALJ notes that fractures in Claimant's left hand/fingers required surgical repair, there appears to be no injury to Claimant's humerus, radius, or ulna. (T-17). Accordingly, Listing 1.07 is neither met nor medically equaled, and no error is found.

Second, Claimant alleges that the ALJ erred by failing to evaluate his combined impairments of a complete loss of function in his left hand due to injury, a residual limitation in range of motion and strength resulting from a right scapular injury, and pain. (R-9, p. 16). Claimant argues that his combined impairments render him disabled under Listing 1.02. *Id*. Listing 1.02 is titled "Major dysfunction of a joint(s) (due to any cause)" and requires "gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.02. No error is found. In his Findings, the ALJ specifically acknowledged the severity of Claimant's left hand and right scapular injury and stated that Claimant's impairments, "alone or in combination," did not meet or medically equal a Listing. (T-16). Moreover, Respondent argues and this Court agrees that no evidence in the record shows ongoing joint space narrowing, bony destruction, or ankylosis of the affected joints. Accordingly, Claimant's alleged combination of impairments does not meet or medically equal Listing 1.07.

As noted above, it is not the duty of this court to re-weigh the evidence, but to ensure that the Commissioner followed the correct procedure in determining disability. The ALJ's conclusions are supported by substantial evidence in the record, and no error is found.

**III.   Whether the ALJ erred by discrediting claimant's subjective complaints of pain under the pain standard.**

Claimant argues that the ALJ erred by failing to properly credit Claimant's subjective complaints of pain pursuant to the pain standard. (R-9, p. 19). The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, the claimant must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

It is the law of this Circuit that if the ALJ discredits a Claimant's testimony, "he must articulate explicit and adequate reasons for doing so." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ fails to articulate the reasons for discrediting subjective pain testimony, such testimony is accepted as true. *Id*. at 1012. Here, the ALJ states:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible, in that he is precluded from all work activity.

(T-17). In concluding that Claimant was not fully credible, the ALJ considered Dr. Bacastow's 2004 treatment notes, noting the absence of further evidence in the record regarding treatment or physical therapy. *Id*. As discussed above, new 2006 evidence from Dr. Bacastow was not presented until after the findings and in any case would have been discredited. Moreover, Respondent notes and this Court agrees that the ALJ's determination

that Claimant could perform light work seems quite generous given two reports from state agency physicians determining Claimant capable of medium work. (R-10, pp. 15-16).

Applying the *Holt* test to this Claimant's pain allegations, it is this Court's finding that the Claimant failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. This Court finds no error in the ALJ's decision. The ALJ applied the appropriate legal standards as to Claimant's allegations of pain, and the decision is supported by substantial evidence.

## IV.   Whether the ALJ erred to fully develop the record by not seeking a physical examination of Claimant in order to support his RFC.

Claimant argues that the ALJ had practically no medical evidence to support his finding that Claimant could perform light work and erred by not sending Claimant to an orthopedic surgeon for an evaluation. (R-9, p. 21). Claimant also briefly alleges that the VE was not presented with a hypothetical illustrating the full extent of Claimant's disabilities. (R-9, p. 22).

It is true that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v.*

*Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty. Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

In step five, the burden temporarily shifts to the Commissioner to produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n. 2 (11th Cir. 2001). Otherwise, the burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). If Claimant believed that medical evidence was missing from the record, then the burden was upon him to bring forth this evidence. The ALJ must order consultative exams and tests only when they are required in order to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). However, an ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision. Accordingly, this Court declines to adopt Claimant's argument based on *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003), and read into every case a requirement that the ALJ obtain a residual functional capacity assessment from a treating or examining physician.

In this case, the Court does not observe the kind of evidentiary gaps that would result

in unfairness or clear prejudice sufficient to justify remand. At the time of his Findings, the evidence in front of the ALJ included two residual functional capacity assessments from state agency physicians, which the ALJ discounted from medium to light work capacity, and 2004 medical notes from Claimant's treating physician, Dr. Bacastow. As discussed above, this Court declines to review Dr. Bacastow's 2006 opinion, in part because of Claimant's failure to provide such evidence in a timely manner. Moreover, Respondent notes and this Court agrees that at the time of the hearing Claimant's attorney declined additional time to submit other documents and declined to ask questions of the VE. (R-10, pp. 3-4). Claimant cannot now claim that evidentiary gaps exist as a result of his own failure to act. *See Hammonds v. Astrue*, 2008 WL 151878 (M.D. Fla. June 16, 2008) (declining to remand for Claimant to obtain an RFC assessment from a consultative examiner, treating physician, or medical expert, finding no unfairness or clear prejudice where Claimant's attorney failed to complain about the adequacy of the record before the ALJ's Findings issued).

Accordingly, regarding Claimant's assertion that the VE was not presented with a hypothetical illustrating the full extent of the claimant's disabilities, no error is found. It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). However, "the ALJ is not required to pose a hypothetical question assuming limitations that the ALJ does not find credible." *Sanabria v. Comm'r of Social Sec.*, 2008 WL 5264669, at *5 (11th Cir. 2008) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

15

1155, 1160 (11th Cir.2004)).  In this case, it is found that the ALJ included all limitations he found credible in the hypothetical posed to the vocational expert.

For all of these reasons, the ALJ's decision in this case is consistent with applicable regulations and case law, and substantial evidence supports his conclusions.  Claimant has failed to show that the records before the ALJ were inadequate to make an informed decision.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 3rd day of February, 2009.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

lml